UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JAMES FIELDS,

                  Plaintiff,

        --against--

THE CITY OF NEW YORK, COLUMBIA PRESBYTERIAN
MEDICAL CENTER and "JOHN DOE 1" through
"JOHN DOE 6",

                  Defendants.

------------------------------------------------------------X

JUDGE KOELTL

07 CIV 9542

Docket No.:

COMPLAINT



RECEIVED
OCT 25 2007
U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiff, JAMES FIELDS, ("Fields" or "Plaintiff"), through his attorney, LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C., as for his Complaint, complains of defendants THE CITY OF NEW YORK, COLUMBIA PRESBYTERIAN MEDICAL CENTER, "JOHN DOE 1" through "JOHN DOE 6", alleges upon information and belief, as follows:

I. **NATURE OF THE ACTION**

    1.    This is an action brought pursuant to the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, the Civil Rights Act of 1866, 42 U.S.C. §§ 1983 and 1985 ("§§ 1983 and 1985") and the Common Law of the State of New York, to redress the deprivation under color of law, of the rights, privileges, and immunities secured to Plaintiff by the aforementioned federal laws and the personal injuries suffered by Plaintiff as a result of the defendants' conduct.

    2.    Plaintiff seeks compensatory and punitive damages, and other appropriate relief pursuant to the Fourteenth Amendment to the Constitution of the United States, §§ 1983 and 1985 and the Common Law of the State of New York.

## II. JURISDICTION AND VENUE

3. Jurisdiction of the subject matter of this action is established in this court under 28 U.S.C. § 1343(3), Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and § 1983.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this court's jurisdiction, are based on the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, to hear related state law causes of action.

5. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims brought under the Constitution and Common Law of New York State.

6. As part of the unlawful conduct complained of herein occurred within the Southern District of New York and defendants regularly conduct business therein, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## III. SATISFACTION OF PROCEDURAL PREREQUISITES FOR SUIT

7. Plaintiff has complied with all procedural prerequisites required by law prior to initiating this action.

8. Written Notice of Claim, sworn to by Plaintiff was duly served upon defendant THE CITY OF NEW YORK (hereinafter, the "CITY") within 90 days after Plaintiff's claims arose.

9. At least 30 days have elapsed since the Notice of Claim was presented to the CITY for adjustment and the CITY has neglected, failed and/or refused to make any adjustment or payment.

10. Pursuant to § 50-h of the General Municipal Law, on June 29, 2007, Plaintiff was orally examined by the CITY, concerning the claim asserted herein.

11. This action has been commenced within one year and ninety days after the happening of the event on which this claim is based.

## IV. THE PARTIES

12. Plaintiff is an adult Black male and at the relevant time was employed with the City of New York Department of Parks and Recreation and was resident within the City and State of New York.

13. At all times herein alleged, the CITY was and is a municipal corporation duly organized and existing under the laws of the State of New York, and located in the City of New York. The CITY is vicariously liable for the conduct, acts or omissions of some of the "John Doe" defendants.

14. At all times herein alleged, the CITY has and still does maintain a police department, The City of New York Police Department (hereinafter "Police Department"), with duly appointed officers, sergeants and/or policemen, pursuant to State Law and the mandate of the CITY'S Charter.

15. At all times hereinafter mentioned, Defendant COLUMBIA PRESBYTERIAN MEDICAL CENTER ("COLUMBIA PRESBYTERIAN"), was and still is a legal entity, organized and existing under the laws of the State of New York, having the capacity to sue and be sued, and having, as its principal business, the providing of medical, dental and related services to patients. COLUMBIA PRESBYTERIAN is vicariously liable for the conduct, acts or omissions of some of the "John Doe" defendants.

16. At all times hereinafter mentioned, Defendant COLUMBIA PRESBYTERIAN operated, maintained, managed and controlled a hospital or medical center and other facilities located at or near 622 West 168th Street, New York, New York.

17. At all times herein alleged, Defendants "JOHN DOE 1" and "JOHN DOE 6", were and still are police officers or security personnel employed by the CITY and/or Defendant COLUMBIA PRESBYTERIAN . The name "JOHN DOE" being fictitious, the true name of said persons being unknown to the plaintiff, the persons intended being certain police officers or security personnel employed by the CITY and/or Defendant COLUMBIA PRESBYTERIAN, at the aforementioned hospital or medical center.

18. At all times herein alleged, Defendants "JOHN DOE 1" and "JOHN DOE 6", were and still are duly appointed police officers employed by the CITY. The name "JOHN DOE" being fictitious, the true name of said persons being unknown to the Plaintiff, the persons intended being certain police officers employed by the CITY.

4

## V. FACTUAL ALLEGATIONS

19. On or about September 26, 2006, Plaintiff was lawfully at the aforementioned hospital or medical center belonging to Defendant COLUMBIA PRESBYTERIAN when the individuals and/or police officers described herein as "John Doe 1 through John Doe 6", without a warrant, or other legal process or justification arrested Plaintiff.

20. On arresting the Plaintiff, and depriving him of his liberty, said individuals took Plaintiff to their station at the aforementioned hospital or medical center where they handcuffed Plaintiff and detained him for over five hours.

21. At about 11:00 p.m. on the September 26th, Plaintiff was transferred to the 33rd precinct of the Police Department, located at 168 Street and Edgecomb Avenue, New York, New York, and therein detained in a filthy overcrowded holding pen for about five hours.

22. At approximately 2:30 a.m. on September 27, 2006, Plaintiff was again transferred to the Manhattan Detention Center where Plaintiff was detained until about 8 p.m. on September 27.

23. Plaintiff was arraigned at approximately 9 p.m. on September 27, 2006. However, Plaintiff could not post bail and was incarcerated at Rikers Island Correctional facility for over three weeks, until the Court released him on his own recognizance.

5

24. Plaintiff was maliciously prosecuted by the Police Department in the Criminal Court of the State of New York, County of New York in case assigned docket number 2006NY065539 for violations of the Penal Law of the State of New York. However, on or about January 8, 2007, the criminal case against Plaintiff was dismissed.

25. As a result of the foregoing, Plaintiff's employment with the City of New York Department of Parks and Recreation was terminated. Consequently, Plaintiff has suffered lost wages, mental anguish, emotional distress and other economic damages.

## AS FOR A FIRST CAUSE OF ACTION

26. Plaintiff realleges the allegations contained in paragraphs "1" through "25" inclusive.

27. The arrests and detentions of Plaintiff were without probable cause and without any warrant or legal process directing or authorizing Plaintiff's arrest or detention.

28. Defendants, by and through their agents, servants or employees, violated the provisions of § 1983, in that, acting under the color of law and in collaboration with each other, they deprived Plaintiff of his rights, privileges and/or immunities as provided by the United States Constitution and its laws.

29. There is no justifiable excuse for defendants' conduct alleged herein.

30. By arresting and detaining Plaintiff Defendants, by and through their agents, servants or employees, violated the provisions of the Fourth Amendment to the United States Constitution and Article 1, § 12 of the New York State Constitution.

6

31. As a result of the foregoing, Plaintiff has suffered lost wages, mental anguish and emotional distress.

## AS FOR A SECOND CAUSE OF ACTION

32. Plaintiff realleges the allegations contained in paragraphs "1" through "31" inclusive.

33. Defendants, by and through their agents, servants or employees, violated the provisions of § 1983, in that, acting under the color of law and in collaboration with each other, they deprived Plaintiff of his rights, privileges and/or immunities as provided by the United States Constitution and its laws.

34. As a result of the foregoing, Plaintiff has suffered lost wages, mental anguish and emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION

35. Plaintiff realleges the allegations contained in paragraphs "1" through "34" inclusive.

36. Defendants, by and through their agents, servants or employees, unlawfully and intentionally arrested, imprisoned and detained Plaintiff in custody against his will.

37. The arrest, imprisonment and detention of Plaintiff was without reasonable cause, and without a warrant.

38. As a result of the foregoing, Plaintiff has suffered lost wages, mental anguish and emotional distress.

7

## AS AND FOR A FOURTH CAUSE OF ACTION

39. Plaintiff realleges the allegations contained in paragraphs "1" through "38" inclusive.

40. Defendants unlawfully and intentionally arrested, detained and commenced criminal judicial prosecution against Plaintiff. The prosecution was terminated in plaintiff's favor.

41. The arrest, detention and prosecution of Plaintiff was malicious and unlawful and without just cause or reasonable cause.

42. As a result of the foregoing, Plaintiff has suffered lost wages, mental anguish and emotional distress.

43. In taking the above-described actions defendants acted with malice and/or reckless indifference to Plaintiff's rights constitutional and statutory rights.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

(a)  against each defendant in the sum of $500,000 for each cause of action;

(b)  directing Defendant COLUMBIA PRESBYTERIAN and the individual defendants to pay Plaintiff an additional amount as punitive damages for their willful and/or reckless disregard for Plaintiff's constitutional and statutory rights;

(c)  awarding Plaintiff such interest as is allowed by law;

(d)  awarding Plaintiff her reasonable attorneys' fees and costs; and

8

(e) granting other such and further relief as this Court deems necessary and proper.

## VII. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
October 24, 2007

LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.

By: _____
Vincent I. Eke-Nweke (VE 5282)
Attorney for the Plaintiff
498 Atlantic Avenue
Brooklyn, New York 11217
(718) 852-8300

9

JS 44C/SDNY
REV. 12/2005

**CIVIL COVER SHEET**

**JUDGE KOELTL**

**'07 CIV 9542**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
JAMES FIELDS

**DEFENDANTS**
THE CITY OF NEW YORK, COLUMBIA PRESBYTERIAN MEDICAL CENTER and "JOHN DOE 1" through "JOHN DOE 6"

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C., 498 ATLANTIC AVENUE, BROOKLYN, NY 11217, TEL. 718 252-8300

**ATTORNEYS (IF KNOWN)**
THE COPORATION COUNSEL OF THE CITY OF NEW YORK, 100 CHURCH STREET, NY, NY 10007

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
PLAINTIFF CLAIMS THAT HE WAS FALSELY ARRESTED, IMPRISONED AND MALICIOUSLY PROSECUTED IN VIOLATION OF 14TH AMENDMENT TO THE US CONSTITUTION AND CIVIL RIGHTS ACT OF 1866 AND 1985

Has this or a similar case been previously filed in SDNY at any time? No [x]  Yes ☐   Judge Previously Assigned

If yes, was this case   Vol.☐   Invol. ☐   Dismissed. No ☐  Yes ☐    If yes, give date

(PLACE AN [x] IN ONE BOX ONLY)    **NATURE OF SUIT**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**TORTS**
**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[x] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/COMMODITIES/EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 883 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

**CHECK IF THIS IS A CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $ _____   OTHER _____

**DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?**
IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

Check YES only if demanded in complaint
**JURY DEMAND:** [x] YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**(PLACE AN x IN ONE BOX ONLY)**     **ORIGIN**

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

**(PLACE AN x IN ONE BOX ONLY)**     **BASIS OF JURISDICTION**     **IF DIVERSITY, INDICATE CITIZENSHIP BELOW.** (28 USC 1332, 1441)

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**
(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**
4252 AVENUE B, APT. 610, NEW YORK, NY 10009
NEW YORK COUNTY

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**
THE CITY OF NEW YORK, 100 CHURCH STREET, NEW YORK, NY
NEW YORK COUNTY

COLUMBIA PRESBYTERIAN MEDICAL CENTER, 622 WEST 168TH STREET, NY, NY
NEW YORK COUNTY

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    [ ] WHITE PLAINS    [x] FOLEY SQUARE
THIS ACTION SHOULD BE ASSIGNED TO:
(DO NOT check either box if this a PRISONER PETITION.)

DATE 10/24/07    SIGNATURE OF ATTORNEY OF RECORD /s/ _____    ADMITTED TO PRACTICE IN THIS DISTRICT
RECEIPT # _____
[ ] NO
[x] YES (DATE ADMITTED Mo. JAN. Yr. 1996 )
Attorney Bar Code # _____

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)