



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

BRIAN G. MAXEY
*Assistant Corporation Counsel*
Tel.: (212) 788-0987
Fax: (212) 788-9776

January 22, 2008

**MEMO ENDORSED**

BY FAX: (212) 805-7912
Honorable John G. Koetl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
1/22/08.
John G. Koeltl, U.S.D.J.

Re: <u>James Fields v. City of New York et al.</u>, 07 CV 9542 (JGK)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant City of New York. I am writing with the consent of plaintiff's counsel, Vincent Eke-Nweke, Esq., to request a sixty day enlargement of time, from January 29, 2008 to March 28, 2008, within which this office may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action.

  There are several reasons for seeking the extension. The plaintiff alleges, *inter alia*, that he was subjected to false arrest, false imprisonment, and malicious prosecution in violation of his constitutional rights. Plaintiff also alleges supplemental state law claims. In order to respond to these allegations, we need to obtain records of the underlying criminal case including police records. It is our understanding that these records are sealed pursuant New York Criminal Procedure Law § 160.50. We have forwarded the necessary consent authorization to plaintiff so that we can access the sealed records, properly assess the case and respond to the complaint.

  In addition to the City of New York, plaintiff also names Columbia Presbyterian Hospital[1] as a defendant, as well as several John Does. The enlargement will allow this office time to

---

[1] Columbia Presbyterian Hospital is a private university hospital, not associated with the New York City Health and Hospitals Corporation. A review of the docket indicates that Columbia Presbyterian Hospital has not yet been served in this matter.

conduct an inquiry to determine whether any of the John Does are City employees, and whether it could represent any of those personnel. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension has been made by either party. There are no scheduled conferences that will be affected by this proposed extension. Accordingly, it respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint until March 28, 2008.

Thank you for your consideration in this regard.

Respectfully submitted,

Brian G. Maxey (BM 0451)


BY FAX: (718) 852-7361
Vincent Eke-Nweke, Esq.
Attorney for Plaintiff