UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAMES FIELDS,

                          Plaintiff(s),

      - against -

THE CITY OF NEW YORK, COLUMBIA
PRESBYTERIAN MEDICAL CENTER and
"JOHN DOE 1" through "JOHN DOE 6"

                          Defendant(s).

------------------------------------------------------------x

**ANSWER**

07 CIV 9542 (JGK)

      Defendant, NEWYORK-PRESBYTERIAN HOSPITAL s/h/a COLUMBIA PRESBYTERIAN MEDICAL CENTER, by its attorneys PLATZER LUCA & PEARL, LLP, as and for a verified answer alleges as follows, upon information and belief:

      1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" and respectfully refers all questions of law to be determined by the Court.

      2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" and respectfully refers all questions of law to be determined by the Court.

      3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" and respectfully refers all questions of law to be determined by the Court.

      4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" and respectfully refers all questions of law to be determined by the Court.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" and respectfully refers all questions of law to be determined by the Court.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" and respectfully refers all questions of law to be determined by the Court.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" and respectfully refers all questions of law to be determined by the Court.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" and respectfully refers all questions of law to be determined by the Court.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" and respectfully refers all questions of law to be determined by the Court.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" and respectfully refers all questions of law to be determined by the Court.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" and respectfully refers all questions of law to be determined by the Court.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" and respectfully refers all questions of law to be determined by the Court.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" and respectfully refers all questions of law to be determined by the Court.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" and respectfully refers all questions of law to be determined by the Court.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" except admits that NewYork-Presbyterian Hospital is a legal entity organized and existing under the laws of the State of New York, providing medical, dental and related health services to patients and respectfully refers all questions of law to be determined by the Court.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" except as admitted hereinabove and respectfully refers all questions of law to be determined by the Court.

25. Denies the allegations contained in paragraph "25" of the Complaint.

26. The defendant repeats the responses to the allegations referred to in paragraph "26" as if set forth more fully herein at length.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Defendant repeats the responses to the allegations referred to in paragraph "32" as if set forth more fully herein at length.

33. Denies the allegations contained in paragraph "33" of the Complaint.

34. Denies the allegations contained in paragraph "34" of the Complaint.

35. Defendant repeats the responses to the allegations referred to in paragraph "35" as if set forth more fully herein at length.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint.

38. Denies the allegations contained in paragraph "38" of the Complaint.

39. Defendant repeats the responses to the allegations referred to in paragraph "39" as if set forth more fully herein at length.

40. Denies the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

43. Denies the allegations contained in paragraph "43" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. The Complaint fails to set forth a viable cause of action as against NewYork-Presbyterian Hospital.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Defendant's employees acted with probable cause.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. Defendant's employees acted with reasonable cause and/or reasonable suspicion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Defendant's employees acted with legal justification.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. Defendant's employees acted in good faith and without malice.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. Plaintiff is guilty of the offenses of which he was charged.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50. Defendant NewYork-Presbyterian Hospital did not encourage, condone or ratify any purported malicious conduct alleged or committed by any of its employees.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

51. Defendant NewYork-Presbyterian Hospital was not acting "under color of state law" with respect to the allegations contained herein and therefore not properly subject to plaintiff's causes of action pursuant to 42 U.S.C. §1983.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52. The injuries sustained by plaintiff, if any, were caused in whole or in part by the culpable conduct of the plaintiff. Plaintiff's claim is therefore barred or diminished and the proportion of the culpable of the plaintiff bears to the total culpable conduct causing the injuries.

**WHEREFORE**, defendant NewYork-Presbyterian Hospital respectfully requests that the Complaint be dismissed with costs and disbursements.

Dated: New York, New York
       January 25, 2008

PLATZER LUCA & PEARL, LLP

By:_____/s/_____
KENNETH J. PLATZER (KJP-1899)
A Member of the Firm
Attorneys for Defendant
61 Broadway, Suite 1601
New York, New York  10006
(212) 697-4090

To:    LAW OFFICE OF VINCENT I. EKE-NWEKE, P.C.
        Attorneys for Plaintiff
        498 Atlantic Avenue
        Brooklyn, New York 11217